Yaw-Jiun (Gene) Wu (# 228240)
 gwu@afrct.com
David M. Newman (# 246351)
 dnewman@afrct.com
ANGLIN, FLEWELLING, RASMUSSEN,
 CAMPBELL & TRYTTEN LLP
199 South Los Robles Avenue, Suite 600
Pasadena, California 91101-2459
Telephone:  (626) 535-1900
Facsimile:   (626) 577-7764

Attorneys for Defendant
WELLS FARGO BANK, N.A., successor
by merger with Wells Fargo Bank
Southwest, N.A., f/k/a Wachovia Mortgage,
FSB, f/k/a World Savings Bank, FSB
("Wells Fargo") (erroneously sued as
"WELLS FARGO HOME MORTGAGE,
INC., a division of WELLS FARGO
BANK, N.A. as successor to WORLD
SAVINGS BANK and WACHOVIA
CORPORATION")

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY MORENO, an individual and co-borrower, CYNTHIA MORENO, an individual and co-borrower,<br><br>          Plaintiffs,<br><br>     v.<br><br>WELLS' FARGO HOME MORTGAGE, a, division of WELLS FARGO BANK, N.A. as successor to WORLD SAVING BANK, FSB and WACHOVIA CORPORATION; and DOES 1 through 50 inclusive,<br><br>          Defendants. | CASE NO.: 1:14-CV-01024-SMS<br><br>[The Honorable Sandra M. Snyder]<br><br>**WELLS FARGO'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>*[Filed with Request for Judicial Notice]*<br><br>Date:     October 22, 2014<br>Time:    1:00 p.m.<br>Ctrm:    1, 8th Floor |

TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD HEREIN:

     PLEASE TAKE NOTICE that on October 22, 2014, at 1:00 p.m., or as soon thereafter as the matter may be heard, in Courtroom 1 of the above-entitled Court, located at 2500 Tulare Street, Fresno, CA 93721, defendant WELLS FARGO BANK, N.A., successor by merger with

Wells Fargo Bank Southwest, N.A., f/k/a Wachovia Mortgage, FSB, f/k/a World Savings Bank, FSB ("Wells Fargo") will move the Court for an order dismissing the Complaint with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6).  Grounds for the motion are:

First Claim: Fraud in the Inducement

This claim fails as a matter of law because: (1) it is barred by the doctrine of judicial estoppel; (2) it is barred by the statute of limitations; (3) Wells Fargo was not required to determine whether Plaintiffs could afford their loan; and (4) Plaintiffs cannot plead actual and detrimental reliance.

Second Claim: Violation of Business & Professions Code § 17200

This claim fails as a matter of law because: (1) it is barred by the doctrine of judicial estoppel; (2) it is duplicative of the other defective claims; and (3) Plaintiffs lack standing in the absence of any available remedy.

Third Claim: Violation of The Covenant of Good Faith and Fair Dealing

This claim fails as a matter of law because: (1) it is barred by the doctrine of judicial estoppel; (2) Wells Fargo did not breach any contract provision because it actually provided a modification to Plaintiffs; and (3) Wells Fargo was not required to provide an additional modification to Plaintiffs.

Fourth Claim: Negligence

This claim fails as a matter of law because: (1) it is barred by the doctrine of judicial estoppel; and (2) Wells Fargo did not owe a legal duty of care to Plaintiffs in connection with the activities alleged in the Complaint.

Fifth Claim: Promissory Estoppel

This claim fails as a matter of law because: (1) it is barred by the doctrine of judicial estoppel; (2) it is barred by the statute of limitations; (3) Wells Fargo was not required to determine whether Plaintiffs could afford their loan; and (4) Plaintiffs cannot plead actual and detrimental reliance.

Sixth Claim: Breach of Contract

This claim fails as a matter of law because: (1) it is barred by the doctrine of judicial

1 estoppel; (2) Wells Fargo did not breach any contract provision because it actually provided a
2 modification to Plaintiffs; and (3) Wells Fargo was not required to provide an additional
3 modification to Plaintiffs.

<u>Seventh Claim: Intentional Misrepresentation</u>

This claim fails as a matter of law because: (1) it is barred by the doctrine of judicial estoppel; (2) it is barred by the statute of limitations; (3) Wells Fargo was not required to determine whether Plaintiffs could afford their loan; and (4) Plaintiffs cannot plead actual and detrimental reliance.

This Motion is based on this Notice, the Memorandum of Points and Authorities filed herewith, the Request for Judicial Notice, the records and pleadings on file herein, and on such other evidence as may be presented.

Respectfully submitted,

Dated: July 10, 2014

ANGLIN, FLEWELLING, RASMUSSEN,
CAMPBELL & TRYTTEN LLP

By:   /s/ David M. Newman
David M. Newman
dnewman@afrct.com
Attorneys for WELLS FARGO

**TABLE OF CONTENTS**

Page

MEMORANDUM OF POINTS AND AUTHORITIES ................................................................1
1.    INTRODUCTION. ....................................................................................................1
2.    SUMMARY OF FACTS AND ALLEGATIONS. ....................................................1
3.    THE ENTIRE COMPLAINT IS BARRED BY THE DOCTRINE OF JUDICIAL ESTOPPEL BECAUSE PLAINTIFFS FAILED TO INCLUDE THEIR PRESENT CLAIMS IN THEIR 2013 BANKRUPTCY PROCEEDINGS. .......................3
4.    THE FRAUD-BASED CAUSES OF ACTION SUFFER NUMEROUS INCURABLE PLEADING DEFECTS. ............................................................................4
    A.    The Statute Of Limitations Bars the Claims. ................................................5
    B.    Wells Fargo, As A Lender, Is Not Responsible To Determine Plaintiffs' Financial Condition And Ability To Pay Debts ...........................................6
    C.    Plaintiffs Cannot Rely On Any Alleged Representation That They Must Default On Their Loan Obligations In Order To Secure A Loan Modification ...........................................................................................6
5.    THE CONTRACT-BASED CLAIMS ARE MERITLESS AND CANNOT BE CURED BY AMENDMENT ..........................................................................................8
6.    PLAINTIFFS HAVE NO BASIS TO ALLEGE A NEGLIGENCE CLAIM. .....................9
7.    THE UNFAIR COMPETITION CLAIM IS INVALID. ...................................................10
8.    CONCLUSION. ................................................................................................11

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

# TABLE OF AUTHORITIES

Page(s)

**FEDERAL CASES**

*Adegbenga Adesokan v. U.S. Bank, N.A.*,
2012 U.S. Dist. LEXIS 15192 (E.D. Cal. Feb. 7, 2012) ..................................................................7

*Bunce v. Ocwen Loan Servicing, LLC,*
2013 WL 3773950 (E.D. Cal., July 17, 2013) ...................................................................... 9, 10

*Crews v. Wachovia Mortg. Corp.*,
2010 U.S. Dist. LEXIS 77660 (C.D. Cal. July 23, 2010) ...............................................................7

*Cross v. Downey Savings and Loan Association*,
2009 U.S. Dist. LEXIS 17946 (C.D. Cal. 2009) ...........................................................................9

*Daniels-Hall v. Nat'l Educ. Ass'n*,
629 F.3d 992 (9th Cir. 2010) ......................................................................................................2

*Dzakula v. McHugh*,
746 F.3d 399 (9th Cir. 2014) ................................................................................................. 3, 4

*Fortaleza v. PNC Fin. Servs. Group, Inc.*,
642 F. Supp. 2d 1012 (N.D. Cal. 2009) ......................................................................................8

*Garcia v. Ocwen Loan Servicing, LLC*,
2010 WL 1881098 (N.D. Cal. May 10, 2010) ..........................................................................10

*Hamilton v. State Farm Fire & Casualty Co.*,
270 F.3d 778 (9th Cir. 2010) ......................................................................................................3

*Hoffman v. Bank of America, N.A.*,
2010 U.S. Dist. LEXIS 70455 (N.D. Cal. June 30, 2010) .............................................................9

*Lueras. Deschaine v. IndyMac Mortg. Servs.*,
2014 U.S. Dist. LEXIS 8541 (E.D. Cal. Jan. 22, 2014) .......................................................... 9, 10

*Morrison v. Wachovia Mortg. Corp.*,
2012 U.S. Dist. LEXIS 39273 (C.D. Cal. Mar. 12, 2012) .......................................................... 6, 7

*Newgent v. Wells Fargo Bank, N.A.*,
2010 WL 761236 (S.D. Cal. Mar. 2, 2010) .................................................................................7

*Nong v. Wells Fargo Bank, N.A.*,
2010 U.S. Dist. LEXIS 136464 (C.D. Cal. Nov. 22, 2010) ...........................................................7

*Sullivan v. JP Morgan Chase Bank, NA*,
725 F.Supp. 2d 1087 (E.D. Cal. 2010) ........................................................................................9

*Walters v. Fidelity Mortgage of California, Inc.*,
    730 F. Supp. 2d 1185 (E.D. Cal. 2010) .................................................................................. 10

**STATE CASES**

*Auerbach v. Great Western Bank*,
    74 Cal. App. 4th 1172 (1999) ................................................................................................ 7

*Blix St. Records, Inc. v. Cassidy*,
    191 Cal. App. 4th 39 (2010) .................................................................................................. 3

*Cadlo v. Owens-Illinois, Inc.*,
    125 Cal. App. 4th 513 (2004) ................................................................................................ 7

*Constantian v. Mercedes-Benz Co.*,
    5 Cal. 2d 631 (1936) .............................................................................................................. 5

*Fox v. Ethicon Endo-Surgery, Inc.*,
    35 Cal. 4th 797 (2005) ....................................................................................................... 5, 6

*Guz v. Bechtel Nat. Inc.*,
    24 Cal. 4th 317 (2000) ........................................................................................................... 8

*Hamilton v. Greenwich Investors XXVI, LLC*,
    195 Cal. App. 4th 1602 (2011) .............................................................................................. 3

*Ingels v. Westwood One Broad Servs., Inc.*,
    129 Cal. App. 4th 1050 (2005) ............................................................................................ 10

*Korea Supply Co. v. Lockheed Martin Corp.*,
    29 Cal. 4th 1134 (2003) ................................................................................................ 10, 11

*Lueras v. BAC Home Loans Servicing, LP*,
    221 Cal. App. 4th 49 (2013) ............................................................................................. 9, 10

*Mabry v. Superior Court*,
    185 Cal. App. 4th 208 (2010) ................................................................................................ 9

*Madrid v. Perot Systems Corp.*,
    130 Cal. App. 4th 440 (2005) .............................................................................................. 11

*Nymark v. Heart Fed. Sav. & Loan Ass'n*,
    231 Cal. App. 3d 1089 (1991) ........................................................................................... 9, 10

*Pasadena Live, LLC v. City of Pasadena*,
    114 Cal. App. 4th 1089 (2004) .............................................................................................. 8

*Perlas v. GMAC Mortgage, LLC*,
    187 Cal. App. 4th 429 (2010) ................................................................................................ 6

*Randas v. YMCA of Metropolitan Los Angeles*,
    17 Cal. App. 4th 158 (1993) ............................................................................................. 5

*Wolf v. Walt Disney Pictures and Television*,
    162 Cal. App. 4th 1107 (2008) ......................................................................................... 8

**STATE STATUTES**

Cal. Bus. & Prof. Code § 17200 ............................................................................................... 10

Cal. Civ. Code § 2923.5 ............................................................................................................. 9

Cal. Civ. Proc. Code § 338(d) .................................................................................................... 5

**RULES**

Fed. R. Civ. P. 12(b)(6) .............................................................................................................. 2

### MEMORANDUM OF POINTS AND AUTHORITIES

### 1. INTRODUCTION.

The Court should dismiss this action with prejudice because the claims are defective and cannot be cured by amendment. Plaintiffs Anthony and Cynthia Moreno ("Plaintiffs") sued defendant Wells Fargo Bank, N.A. ("Wells Fargo") based on a demonstrably false allegation that they paid Wells Fargo $17,000 to obtain a loan modification in 2009 but that Wells Fargo failed to provide one in contravention of the parties' agreement. Judicially-noticeable documents show that Plaintiffs **did receive** a loan modification containing generous terms and that no part of that written agreement required Plaintiffs to pay $17,000 to Wells Fargo.

All seven claims, in addition to being based on this demonstrably false allegation, are improperly pled. They are all barred by the doctrine of judicial estoppel because Plaintiffs concealed their claims, all of which arose prior to 2013, from the bankruptcy court when they filed for Chapter 7 bankruptcy in early 2013. Moreover, the claims are variously barred by the applicable statutes of limitations and other basic pleading requirements under California law. Dismissal with prejudice is warranted.

### 2. SUMMARY OF FACTS AND ALLEGATIONS.

In 2006, Plaintiffs borrowed $430,000.00 from World Savings Bank, FSB (Wells Fargo's predecessor) pursuant to a written promissory note that was secured by a deed of trust on real property located at 1317 Country Club Drive in Modesto. (Compl. ¶¶ 8-9.)[1] The following year, Plaintiffs refinanced with World Savings and borrowed $495,000.00, which was also memorialized in a written promissory note and secured by a deed of trust on the same real property. (Request for Judicial Notice ["RJN"] Exhs. B-C.)

---

[1] World Savings changed its name to Wachovia Mortgage, FSB in January, 2008. It underwent a second name change to Wells Fargo Bank Southwest, N.A. before merging with Wells Fargo Bank, N.A. in November, 2009. (Request for Judicial Notice ["RJN"] Exh. A contains copies of certificates issued by the Treasury Department's Office of Thrift Supervision and Comptroller of the Currency acknowledging the original federal savings bank charter, approving the name changes, and authorizing the merger, and an FDIC printout providing the history of World Savings.)

1 Plaintiffs defaulted on the loan payment when they missed the April 15, 2009 payment; when they failed to cure their default, the trustee under the deed of trust (Cal-Western Reconveyance) recorded a Notice of Default ("NOD"). (RJN Exh. D.)  The NOD, recorded July 22, 2009, indicates that Plaintiffs were in default in the amount of $10,547.05. (*Id*.)

Just a few months after the NOD, Plaintiffs were able to secure a permanent loan modification from Wells Fargo in September 2009. (RJN Exh. E.)[2] Among other things, it (1) reduced the balance on the loan by nearly $100,000, (2) lowered the interest rate, and (3) lowered the monthly payment. (*Id*.) Although Plaintiffs allege that they were required to make a lump sum payment of $17,000 to Wells Fargo to secure the modification, there is no such provision in the actual agreement. (*Id*; Compl. ¶ 13.) Plaintiffs claim they made this payment. (Compl. ¶ 14.) The execution of the modification caused Cal-Western to record a Notice of Rescission of the NOD in October 2009. (RJN Exh. F.)

After securing the modification, Plaintiffs began suffering financial hardship caused by medical problems. (Compl. ¶¶ 15-17.) Plaintiffs sought to obtain another modification but were denied; they claim that they were told "that they should miss a payment in order to become delinquent" so that Wells Fargo could review them for a modification. (Compl. ¶¶ 18-19.) Plaintiffs were not able to secure a modification, so they filed for Chapter 7 bankruptcy in 2013. (Compl. ¶ 21, RJN Exh. G [bankruptcy docket].) When Plaintiffs filed their bankruptcy schedules, they did not list any claims against Wells Fargo in Schedule B (under heading no. 21) nor did they indicate in Schedule D that the debt owed to Wells Fargo was "disputed." (RJN Exh. H [petition].) Plaintiffs signed the petition under penalty of perjury. (*Id*.) Plaintiffs received their discharge on May 20, 2013. (RJN Exh. G.)

---

[2] "Although generally the scope of review on a motion to dismiss for failure to state a claim is limited to the Complaint, a court may consider evidence on which the complaint necessarily relies if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion. The court may treat such a document as part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) (internal citations omitted).

1  Plaintiffs now bring this lawsuit in an attempt to recover money damages, and/or another
2  loan modification, from Wells Fargo.

## 3. THE ENTIRE COMPLAINT IS BARRED BY THE DOCTRINE OF JUDICIAL ESTOPPEL BECAUSE PLAINTIFFS FAILED TO INCLUDE THEIR PRESENT CLAIMS IN THEIR 2013 BANKRUPTCY PROCEEDINGS.

Plaintiff's claims can be grouped into two (somewhat contradictory) theories of wrongdoing: (1) Wells Fargo required a $17,000 payment in order for Plaintiffs to secure a modification, and Wells Fargo took the payment but did not provide a modification; and (2) Wells Fargo's refused to provide a loan modification.  Both theories of wrongdoing, and the seven claims that rely on them, are barred by the doctrine of judicial estoppel arising out of Plaintiffs' 2013 bankruptcy discharge.

Judicial estoppel applies when (1) the same party has taken two positions; (2) the positions were taken in judicial proceedings; (3) the party was successful in asserting the first position (i.e., the tribunal adopted the position or accepted it as true); (4) the two positions are inconsistent; and (5) the first position was not taken as a result of ignorance, fraud, or mistake. *Blix St. Records, Inc. v. Cassidy*, 191 Cal. App. 4th 39, 47 (2010).  Judicial estoppel applies when a party fails to assert a claim in one judicial proceeding but then raises it in a subsequent proceeding.  *Dzakula v. McHugh*, 746 F.3d 399, 400 (9th Cir. 2014).  In *Hamilton v. State Farm Fire & Casualty Co.,* 270 F.3d 778, 782 (9th Cir. 2010), a chapter 7 bankruptcy petitioner omitted from his schedules a claim for denial of coverage against his insurance company, so the court held he was judicially estopped from later suing the insurance company even though his discharge was vacated.  Similarly, in *Hamilton v. Greenwich Investors XXVI, LLC*, 195 Cal. App. 4th 1602 (2011), the court embraced the doctrine of judicial estoppel to dismiss a plaintiff's claims after he failed to list them as assets in his bankruptcy.  "[I]n completing bankruptcy schedules, a debtor should list any legal claims against a creditor whose wrongful conduct caused the bankruptcy; otherwise, an action on the claim is barred." *Id.* at 1616 (citations omitted).  The very recent case of *Dzakula*, *supra*, reaffirmed this important principle in the Ninth Circuit.  There, the plaintiff had filed for Chapter 7 bankruptcy protection but failed to list

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

a concurrent employment discrimination action on her bankruptcy schedules. The Ninth Circuit affirmed the district court's decision to grant the defendant's motion to dismiss the discrimination action, concluding that plaintiff's omission on her bankruptcy schedule invoked the doctrine of judicial estoppel. *Id.* at 401.

In this case, judicial estoppel applies to bar all of the claims in the Complaint. First, Plaintiffs have taken two positions. Plaintiff sought bankruptcy protection in 2013 – years after the modification issues arose as alleged in the Complaint. (RJN Exhs. G & H.) In Schedules B and D of the bankruptcy petition, they listed Wells Fargo as a secured creditor holding a loan that is secured by the real property at issue in this litigation. (*Id*.) They did not indicate that they had any claims against Wells Fargo nor did they list any portion of the debt that was "disputed." (*Id*.) Plaintiffs "declar[ed] under penalty of perjury" that that the information was true and correct. In this action, however, Plaintiffs have taken an alternative position: that Wells Fargo wrongfully breached the modification agreement and refused to offer a 'real' modification. (Compl. ¶¶ 12-20.) Second, the bankruptcy proceeding was a prior judicial proceeding. Third, Plaintiffs successfully asserted the first position because the bankruptcy court relied on the statements when discharging Plaintiffs' unsecured debts. (RJN Exh G – discharge entered May 2013.) Fourth, the two positions taken are inconsistent: in the bankruptcy, Plaintiffs did not list any claims against Wells Fargo but here they assert Wells Fargo has improperly serviced their loan, refused to modify their loan, and breach the modification agreement. Fifth, the position taken in the bankruptcy was not due to ignorance or mistake or fraud. Plaintiffs sought to discharge their debts. There was no reason for them to mislead the bankruptcy court. Therefore, Plaintiffs should be estopped from claiming that Wells Fargo acted improperly concerning their default and the amounts listed in the NOD and NOTS. Simply put, Plaintiffs' failure to disclose their claims to the bankruptcy trustee and the bankruptcy court is fatal to this litigation.

### 4. THE FRAUD-BASED CAUSES OF ACTION SUFFER NUMEROUS INCURABLE PLEADING DEFECTS.

Plaintiffs' first claim for fraud in the inducement, fifth claim for promissory estoppel, and seventh claim for intentional misrepresentation all center around the same allegations. Plaintiffs

1 allege that Wells Fargo misrepresented the terms of the loan modification they received, that
2 they had entered into a supposedly "high-risk" loan, and that they would not receive a second
3 loan modification. (Compl. ¶¶ 27, 28, 52, 65.) These claims fail for a variety of legal reasons.

4 **A.     The Statute Of Limitations Bars the Claims.**

5 The statute of limitations for fraud is three years from the date of the alleged
6 misrepresentation. Civ. Proc. Code § 338(d).

7 Here, the claims fail because Plaintiffs filed this lawsuit more than three years after the
8 alleged misrepresentations occurred. Plaintiffs filed this lawsuit in May 2014 so any claim for
9 fraud must have accrued after May 2011. That is not the case here. Plaintiffs knew the terms of
10 their original loan and the terms of the modification in 2009. (RJN Exhs. B, C, E.) As a matter
11 of California law, people are presumed to read the documents they sign. *Constantian v.*
12 *Mercedes-Benz Co*., 5 Cal. 2d 631, 634 (1936). In fact, parties are bound by the terms of loan
13 documents that they sign even if they do not read or understand the terms. *Randas v. YMCA of*
14 *Metropolitan Los Angeles*, 17 Cal. App. 4th 158, 163 (1993) (no relief from release contract
15 enforced though Greek speaking person could not understand the English language contract).
16 Plaintiffs were therefore aware of the extent to which the terms of those integrated contracts
17 allegedly differed from any statements by Wells Fargo. Plaintiffs delayed until May 2014 to sue
18 Wells Fargo, nearly five years after they signed the agreements and more than two years beyond
19 the statute of limitations.

20 Moreover, Plaintiffs cannot allege delayed discovery that would toll the statute of
21 limitations. In *Fox v. Ethicon Endo-Surgery, Inc*., 35 Cal. 4th 797 (2005), the California
22 Supreme Court summarized how the delayed discovery exception to the normal accrual of claims
23 is applied. It explained:

24 > We conclude that, under the delayed discovery rule, a claim accrues and
25 > the statute of limitations begins to run when the <u>plaintiff has reason to
26 > suspect an injury and some wrongful cause</u>, unless the plaintiff <u>pleads</u> and
27 > proves that a <u>reasonable investigation at that time would not have revealed
28 > a factual basis for that particular claim</u>.

*Id.* at 803 (emphasis added).

Here, Plaintiffs cannot satisfy this pleading requirement because they cannot plead facts suggesting that "a reasonable investigation at that time would not have revealed a factual basis" for his claim. On the contrary, Plaintiffs knew in 2009 everything they could possibly know about the modification – since they actually received a written modification. As such, these four claims are time-barred.

### B. Wells Fargo, As A Lender, Is Not Responsible To Determine Plaintiffs' Financial Condition And Ability To Pay Debts

Plaintiffs allege that Wells Fargo was somehow fraudulent by failing to provide an "actual assessment of the risk of default" or by failing to disclose the "high-risk" nature of their loan. (Compl. ¶ 27, 28.) However, a lender does not guarantee a borrower's financial ability to satisfy his mortgage obligations. *Perlas v. GMAC Mortgage, LLC*, 187 Cal. App. 4th 429 (2010) (lender is under no duty "to determine the borrower's ability to repay the loan…the lender's efforts to determine the creditworthiness and ability to repay by a borrower are for the lender's protection, not the borrower's) (citing *Renteria v. U.S.*, 452 F. Supp. 2d 910, 922-923 (D. Ariz. 2006) [borrowers rely on their own judgment and risk assessment in deciding whether to accept loan].) This is not a basis to maintain any fraud-based claim.

### C. Plaintiffs Cannot Rely On Any Alleged Representation That They Must Default On Their Loan Obligations In Order To Secure A Loan Modification.

Plaintiffs also allege that Wells Fargo defrauded them by "advis[ing] them to stop paying their mortgage" in order to go into default so that they could obtain a loan modification. (Compl. ¶ 42, 65.) Other courts have considered virtually identical allegations and dismissed them as legally insufficient fraud claims missing the necessary element of justifiable reliance. For example, in *Morrison v. Wachovia Mortg. Corp.*, 2012 U.S. Dist. LEXIS 39273, 14-16 (C.D. Cal. Mar. 12, 2012), the court noted:

> Insofar as plaintiff alleges that she would have timely paid her mortgage but-for Wachovia's 'advice' to fall behind on her payments in order to secure a loan modification, her claims are implausible as a matter of law…

> Rather, it appears that plaintiff sought a loan modification because she was unable to pay her mortgage (as she previously pled in the FAC, ¶ 13 and implied in the SAC ¶¶ 19, 20), and that she allegedly relied on defendants' representations that she needed to stop paying her mortgage in order to be approved for a modification.

*Id.* at 14-16 (internal citations omitted); *see also Adegbenga Adesokan v. U.S. Bank, N.A.,* 2012 U.S. Dist. LEXIS 15192, at *5 (E.D. Cal. Feb. 7, 2012) (dismissing fraud claims because although "[p]laintiff does indicate that he suffered damages as a result of the alleged fraud" due to defendants initiating foreclosure proceedings on his property, "the damages do not appear plausibly attributable to the alleged misrepresentation" because plaintiff could not cure the default); *Crews v. Wachovia Mortg. Corp.*, 2010 U.S. Dist. LEXIS 77660, at *10-11 (C.D. Cal. July 23, 2010) (no reliance found in fraud claim because the plaintiff could not prove that "but for the alleged fraudulent promise to modify the loan, [p]laintiff would and could have satisfied her mortgage obligations").

Indeed, Plaintiffs' allegations concerning reliance in the context of the promissory estoppel claim (Compl. ¶¶ 51-52) fail because they are non-specific and conclusory. *Cadlo v. Owens-Illinois, Inc.*, 125 Cal. App. 4th 513, 519 (2004) ("[T]he mere assertion of 'reliance' is insufficient. The plaintiff must allege the specifics of his or her reliance on the misrepresentation to show a bona fide claim of actual reliance"). Plaintiffs suffered no detrimental reliance as to the promissory estoppel claim since the worst that happened was that they had to continue paying their loan obligations. *Nong v. Wells Fargo Bank, N.A.*, 2010 U.S. Dist. LEXIS 136464, at *9 (C.D. Cal. Nov. 22, 2010). California law is clear that parties cannot state a fraud claim if the 'detrimental reliance' was nothing more than continuing to pay on an obligation that was already owed to another. *Auerbach v. Great Western Bank*, 74 Cal. App. 4th 1172 (1999) (plaintiff could not state a claim for fraud claim based on promise to engage in negotiations to modify loan if plaintiffs continued to make payments under deed of trust); *Newgent v. Wells Fargo Bank, N.A.*, 2010 WL 761236 *7 (S.D. Cal. Mar. 2, 2010) ("Because Plaintiff was already

1 legally obligated to make payments on her mortgage, the Court concludes that the payment in

2 reliance on the promise that Wells Fargo would delay the trustee's sale was not detrimental.")

3      For all these reasons, the fraud claims fail.

## 5. THE CONTRACT-BASED CLAIMS ARE MERITLESS AND CANNOT BE CURED BY AMENDMENT

Plaintiffs allege that Wells Fargo supposedly breach the parties' agreement to provide a modification when it failed to modify the loan terms even after accepting a $17,000 payment from Plaintiffs. (Compl. ¶¶ 41, 42, 56, 57.) Plaintiffs also allege that Wells Fargo breached the parties' original loan agreements by "refusing to provide any financial assistance as was promised." (Compl. ¶ 57.) These allegations are meritless.

First, the allegations are false. Wells Fargo provided a generous loan modification in 2009 after Plaintiffs had already defaulted on their loan. (RJN Exhs. D & E.)

Second, the claim fails because Wells Fargo was not required by the parties' written agreements to provide a loan modification to Plaintiffs. "To establish a breach of an implied covenant of good faith and fair dealing, a plaintiff must establish the existence of a contractual obligation, along with conduct that frustrates the other party's rights to benefit from the contract." *Fortaleza v. PNC Fin. Servs. Group, Inc.,* 642 F. Supp. 2d 1012, 1021-22 (N.D. Cal. 2009). The "implied covenant of good faith and fair dealing is limited to assuring compliance with the express terms of the contract, and cannot be extended to create obligations not contemplated by the contract." *Pasadena Live, LLC v. City of Pasadena*, 114 Cal. App. 4th 1089, 1093-94 (2004); *see also Guz v. Bechtel Nat. Inc.,* 24 Cal. 4th 317, 349-50 (2000). "[T]he implied covenant will only be recognized to further the contract's purpose; it will not be read into a contract to prohibit a party from doing that which is expressly permitted by the agreement itself." *Wolf v. Walt Disney Pictures and Television*, 162 Cal. App. 4th 1107, 1120 (2008).

In this case, Plaintiffs' claim fails because nowhere in the written agreements is there an express provision that Wells Fargo will provide a loan modification to Plaintiffs in the event of their financial hardship. (RJN Exhs. B, C & E.) The terms of the parties' agreements defined their conduct and the loan documents do not require Wells Fargo to modify the terms of

1 Plaintiff's loan.  There is also no statute or code provision that requires Wells Fargo to modify
2 the terms of the loan.  *Mabry v. Superior Court*, 185 Cal. App. 4th 208, 222-223, 231 ("There is
3 no right, for example, under [Civil Code Section 2923.5], to a loan modification"); *Hoffman v.*
4 *Bank of America, N.A.*, 2010 U.S. Dist. LEXIS 70455, at *15 (N.D. Cal. June 30, 2010) ("lenders
5 are not required to make loan modifications for borrowers that qualify under HAMP nor does the
6 servicer's agreement confer an enforceable right on the borrower"); *Cross v. Downey Savings*
7 *and Loan Association*, 2009 U.S. Dist. LEXIS 17946, at *22-23 (C.D. Cal. 2009).
8     For these reasons, the contract-based claims fail.

### 6. <u>**PLAINTIFFS HAVE NO BASIS TO ALLEGE A NEGLIGENCE CLAIM.**</u>

10     Plaintiffs allege that Wells Fargo acted negligently when it handled the loan modification
11 process, told Plaintiffs that they would not be eligible for a second modification, and told
12 Plaintiffs to miss payments in order to become eligible for a modification.  (Compl. ¶ 48.)  None
13 of these allegations amount to a claim for negligence.
14     Courts are clear that "a financial institution owes no duty of care to a borrower when the
15 institution's involvement in the loan transaction does not exceed the scope of its conventional
16 role as a mere lender of money." *Nymark v. Heart Fed. Sav. & Loan Ass'n*, 231 Cal. App. 3d
17 1089, 1095 (1991).  Wells Fargo also does not owe a legal duty of care to plaintiff in connection
18 with the loan modification process. *Lueras v. BAC Home Loans Servicing, LP*, 221 Cal. App.
19 4th 49, 68 (2013) ("We conclude a loan modification is the renegotiation of loan terms, which
20 falls squarely within the scope of a lending institution's conventional role as a lender of
21 money…") Virtually all courts in the Eastern District have adhered to the rule explained in
22 *Lueras.  Deschaine v. IndyMac Mortg. Servs.*, 2014 U.S. Dist. LEXIS 8541, at *18 (E.D. Cal.
23 Jan. 22, 2014) ("As in *Lueras*, plaintiff has not alleged the existence of a duty of care that could
24 support a negligence claim"); *Bunce v. Ocwen Loan Servicing, LLC* , 2013 WL 3773950, at * 5
25 (E.D. Cal., July 17, 2013) ("plaintiff's factual allegations concerning the loan modification
26 process are insufficient to plausibly suggest that defendant owed plaintiff a duty of care");
27 *Sullivan v. JP Morgan Chase Bank, NA*, 725 F.Supp.2d 1087, 1094 (E.D. Cal. 2010) ("Plaintiffs'
28 allegations that Defendant misrepresented to them that a permanent loan modification would be

1 put into place are insufficient to form the basis of a negligence claim"); *Walters v. Fidelity Mortgage of California, Inc.*, 730 F. Supp. 2d 1185, 1206 (E.D. Cal. 2010) (dismissing negligence claim without leave to amend because amendment would be "futile under governing law, and plaintiff fails to allege any other facts that could plausibly give rise to a duty on the part of defendants").[3]

In this case, there is simply nothing alleged that Wells Fargo did anything that "exceed[ed] the scope of its conventional role as a mere lender of money." *Nymark*, 231 Cal. App. 3d at 1096. Plaintiffs (1) obtained a loan from Wells Fargo; (2) defaulted on the loan; and (3) thereafter sought and obtained a loan modification. There is no allegation that the parties had more than a traditional lender-borrower relationship at any time during the loan modification process. The negligence cause of action fails.

### 7. THE UNFAIR COMPETITION CLAIM IS INVALID.

This claim is derivative of the allegations underlying the other claims. Plaintiffs attempt to convert the other claims into a claim for unlawful business practices. (Compl. ¶¶ 34-36.)

A claim under Business & Professions Code § 17200 ("UCL") requires an allegation of particular facts showing ongoing unlawful, unfair, and fraudulent business acts on the part of the defendant. *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal.4th 1134, 1143 (2003). Where a plaintiff cannot state a claim under the "borrowed" law, he or she cannot state a UCL claim either. *Ingels v. Westwood One Broad Servs., Inc.*, 129 Cal. App. 4th 1050, 1060 (2005) ("A defendant cannot be liable under § 17200 for committing unlawful business practices without having violated another law.") As demonstrated herein, the underlying claims supporting the UCL claim have no merit. Accordingly, the UCL cause of action cannot survive.

In addition, the claim fails for lack of a remedy. Under the UCL, "prevailing plaintiffs are generally limited to injunctive relief and restitution." *Korea Supply, supra,* 29 Cal.4th at

---

[3] Plaintiffs cite *Garcia v. Ocwen Loan Servicing, LLC,* 2010 WL 1881098 (N.D. Cal. May 10, 2010) in support of their position that they can plead a negligence claim in connection with the loan modification process. (Compl. ¶ 47.) However, virtually all courts in the Eastern District have held that it was wrongly decided. *See, e.g., Deschaine, supra,* 2014 U.S. Dist. LEXIS 8541 at *7; *Bunce*, *supra*, 2013 WL 3773950, at *6. California state courts have also been quick to reject its reasoning *See, e.g., Lueras, supra,* 221 Cal. App. 4th at 63.

1144. "This court has never approved of nonrestitutionary disgorgement of profits as a remedy under the UCL." *Id*. at 1148. An order for restitution in the UCL is one "compelling a UCL defendant to return money obtained through an unfair business practice to those persons in interest from whom the property was taken." *Madrid v. Perot Systems Corp.*, 130 Cal. App. 4th 440, 453 (2005). Moreover, under the UCL, "injunctive relief is appropriate only when there is a threat of continuing misconduct… [It] requires a threat that the misconduct to be enjoined is likely to be repeated in the future " *Madrid*, *supra*, 130 Cal. App. 4th at 463.

Here, Plaintiffs have no standing under the UCL because there is no allegation that Wells Fargo obtained money through an unfair business practice, and therefore there is no basis to award restitution. Moreover, Plaintiffs have no basis for an award of injunctive relief under the UCL. Plaintiffs have not alleged, nor do they have any evidence, that the alleged wrongful acts in this litigation will be repeated in the future. All loan modification activity ceased before this action commenced and there has been no activity since. As such, there is no basis for injunctive relief. Absent the only two potential remedies for Plaintiffs, dismissal is warranted.

## 8.   CONCLUSION.

For the foregoing reasons, the Court should dismiss this action with prejudice.

Respectfully submitted,

Dated: July 10, 2014

ANGLIN, FLEWELLING, RASMUSSEN,
CAMPBELL & TRYTTEN LLP

By: */s/ David M. Newman*
David M. Newman
dnewman@afrct.com
Attorneys for WELLS FARGO

**CERTIFICATE OF SERVICE**

I, the undersigned, declare that I am over the age of 18 and am not a party to this action. I am employed in the City of Pasadena, California; my business address is Anglin, Flewelling, Rasmussen, Campbell & Trytten LLP, 199 S. Los Robles Avenue, Suite 600, Pasadena, California  91101-2459.

On the date below, I served a copy of the foregoing document entitled:

**WELLS FARGO'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**

on the interested parties in said case as follows:

**Served Electronically Via the Court's CM/ECF System**

*Counsel for Plaintiff:*

Erickson M. Davis
Joshua M. Biletsky
REAL ESTATE LAW CENTER, PC
695 South Vermont Avenue, Suite 1100
Los Angeles, California 90005
Tel: (213) 201-6377 | Fax: (213) 281-9627

Email: erikson@lenderlawlitigation.com
Email: Joshua@lenderlawlitigation.com

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.  This declaration is executed in Pasadena, California on **July 10, 2014.**

| Lina Velasquez | */s/ Lina Velasquez* |
|---|---|
| (Type or Print Name) | (Signature of Declarant) |