UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY MORENO, et al., | No. 2:14-cv-01024-KJM-SMS |
| Plaintiffs, | |
| v. | ORDER |
| WELLS FARGO HOME MORTGAGE, et al., | |
| Defendants. | |

This matter is before the court on plaintiffs' Motion to Remand the case to the Stanislaus County Superior Court. (Pls.' Mot. Remand, ECF 7.) Defendants oppose the motion. (Defs.' Opp'n, ECF 17.) The court decided the motion without a hearing. As explained below, the court DENIES plaintiffs' motion.

I.   INTRODUCTION AND PROCEDURAL BACKGROUND

On May 21, 2014, plaintiffs filed a complaint in the Stanislaus County Superior Court against defendants, alleging seven claims: (1) fraud in the inducement; (2) violation of California's Business and Professions Code section 17200; (3) violation of the covenant of good faith and fair dealing; (4) negligence; (5) promissory estoppel; (6) breach of contract; and (7) intentional misrepresentation. (Defs.' Notice of Removal, Compl., Ex. A ("Compl."), ECF 1-1.)

1

On June 30, 2014, defendants removed the case, asserting subject matter jurisdiction on the basis of diversity of citizenship under 28 U.S.C. § 1332(a). (ECF 1.) On July 14, 2014, plaintiffs filed a motion to remand. (ECF 7.) Defendants have filed an opposition (ECF 17), and plaintiffs have not replied.

II.     LEGAL STANDARD ON MOTION TO REMAND

The removal statute provides: "[A]ny civil action brought in a [s]tate court of which the district courts of the United States have original jurisdiction" may be removed by a defendant to a federal district court. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction where "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs" and where there is complete diversity between the parties. *Id.* § 1332(a).

The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988); *Takeda v. Northwestern Nat'l Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985)). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)). There is a "strong presumption" against removal jurisdiction, which "means that the defendant always has the burden of establishing that removal is proper." *Id.* Furthermore, "removal jurisdiction is strictly construed in favor of remand." *Nasrawi v. Buck Consultants, LLC*, No. 09-02061, 2011 WL 846151, at *6 (E.D. Cal. Mar. 8, 2011) (citing *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 698 (9th Cir. 2005)). Accordingly, "the court resolves all ambiguity in favor of remand to state court." *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009).

III.    DISCUSSION

As an initial matter, the court notes the parties do not dispute the diversity of citizenship requirement of 28 U.S.C. § 1332(a). Hence, the sole jurisdictional issue is whether defendants, the removing parties, have met their burden of establishing the amount in controversy is greater than the jurisdictional requirement of $75,000.

/////

In essence, plaintiffs argue because they expressly seek to recover less than $75,000 per plaintiff in their complaint, their choice to litigate this matter in a state court should be respected. (ECF 7 at 4–5.) Defendants respond there is no indication in the complaint that plaintiffs seek damages less than $75,000. (ECF 17 at 2.) In addition, defendants respond that for plaintiffs' negligence claim, plaintiffs seek "an order . . . that would grant them relief in excess of $100,000 . . . ." (*Id.*) Finally, if plaintiffs prevail on their request for injunctive relief, they will be entitled to damages in the amount of "the original principal loan balance," which is more than $400,000. (*Id.*) Accordingly, defendants argue the amount in controversy requirement is met. (*Id.*)

In deciding whether the amount in controversy requirement is met in a particular case, a district court may consider the "facially apparent" allegations of the complaint. *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997). The amount in controversy requirement is determined by the amount of damages involved in the action. *Hunt v. Washington State Apple Adver. Comm'n*, 432 U.S. 333, 347-48 (1977). This may include general, special, punitive damages, attorney's fees, and costs of equitable relief. *See Conrad Associates v. Hartford Acc. & Indem. Co.*, 994 F. Supp. 1196, 1198 (N.D. Cal. 1998) ("The amount in controversy includes claims for general and special damages (excluding costs and interests), including attorney[] fees, if recoverable by statute or contract, and punitive damages, if recoverable as a matter of law.").

Here, defendants are correct in that plaintiffs' complaint does not expressly disclaim damages less than $75,000. The complaint also does not allege a specific amount in controversy for each individual plaintiff. While it appears from plaintiffs' Motion to Remand that plaintiffs seek to avoid federal jurisdiction (ECF 7 at 3–5), one of the factual allegations of the complaint is that defendants' representative "promised [p]laintiffs that the loan modification would . . . cut their principal balance by over $100,000 . . . ." (Compl. ¶ 12); *see St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938) (noting the amount in controversy is determined from the allegations or prayer of the complaint). And under their negligence claim, plaintiffs' seek a reduction of their loan balance in accordance with that promise. (Compl. ¶ 49.)

3

Accordingly, it is "facially apparent" that "the jurisdictional amount is in controversy." *Singer*, 116 F.3d at 377.  Therefore, the court DENIES plaintiffs' Motion to Remand.

IV.	REQUEST FOR ATTORNEYS' FEES

Plaintiffs seek attorneys' fees for defendants' "improper removal of this litigation." (ECF 7 at 6.)  Defendants counter because removal is proper, there is no basis for awarding attorneys' fees. (ECF 17 at 2.)

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c).  Here, because the court does not remand the case, it cannot award attorneys' fees.  Therefore, the court DENIES plaintiffs' request for attorneys' fees.

V.	CONCLUSION

For the foregoing reasons, the court DENIES plaintiffs' Motion to Remand and request for attorneys' fees.

IT IS SO ORDERED.

DATED: October 30, 2014.

_____
UNITED STATES DISTRICT JUDGE